UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| KEVIN ALVEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19-cv-00282-SEB-DML |
| ) | |
| JOEY RICHARDSON, et al. ) | |
| ) | |
| Defendants. ) | |

**Order Granting Defendants' Motion for Summary Judgment
and Directing Entry of Final Judgment**

Plaintiff Kevin Alvey brought this action alleging that the defendants—Washington County Jail Commander Joey Richardson and Washington County Sheriff Brent Miller—violated his Eighth and Fourteenth Amendment rights by holding him in solitary confinement for seven months. The defendants moved for summary judgment. Mr. Alvey did not respond, but he filed a summary judgment motion of his own and a motion to proceed to trial. The undisputed facts show that the housing restrictions imposed on Mr. Alvey were reasonable responses to Mr. Alvey's threats and attempts to commit suicide. No reasonable jury could find from this evidence that either defendant violated Mr. Alvey's constitutional rights, so both defendants are entitled to summary judgment.

**I.     Standard of Review**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). Once the moving party has met its burden, "the burden shifts to the non-moving party to come forward with specific facts showing that there is a genuine issue for trial." *Spierer v. Rossman*, 798 F.3d 502, 507 (7th Cir. 2015). A disputed fact is material if it might affect

the outcome of the suit under the governing law. *Williams v. Brooks*, 809 F.3d 936, 941–42 (7th Cir. 2016). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page,* 906 F.3d 606, 609–10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Valenti v. Lawson*, 889 F.3d 427, 429 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the factfinder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court may rely only on admissible evidence. *Cairel v. Alderen*, 821 F.3d 823, 830 (7th Cir. 2016). Inadmissible hearsay must be disregarded. *Id.*

Because Mr. Alvey did not respond to the motion for summary judgment, facts alleged in the motion are "admitted without controversy" so long as support for them exists in the record. S.D. Ind. L.R. 56-1(f); *see* S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and identify disputed facts); *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (district court may apply local rules to deem facts unopposed on summary judgment).

## II.   Undisputed Facts

This case involves the conditions of Mr. Alvey's confinement at the Washington County Jail from April 30 to November 27, 2019. From April 30 to September 11, Mr. Alvey was a pretrial detainee. After that, he was in custody for violating his home detention and for escape. *See* dkt. 50-9 at 16 (online docket, *State v. Alvey*, 88D01-1409-F5-535 (Wash. Cty. Sup. Ct.)).

Mr. Alvey was booked into the jail on April 30, 2019. Over the next week, he was placed in four different cells: a multi-person intake cell (for the first night); a single-person medical observation cell (after he showed symptoms of a seizure); a single-person holding cell (after he

cleared medical observation); and a padded cell (because he peeled the paint from the wall of his holding cell). Dkt. 50-1 at 1–2, ¶¶ 1–17 (Joey Richardson affidavit).

On May 7, Mr. Alvey was sent to an outside hospital for x-rays after he punched a wall. *Id.* at 3, ¶ 18. At the hospital, Mr. Alvey tried to escape. *Id.* at 3–4, ¶¶ 21–34. During and after the escape attempt, Mr. Alvey twice tried to take an officer's firearm. *Id.* Mr. Alvey later reported that he did not intend to hurt anyone other than himself. *Id.* at 5, ¶ 45.

When he returned to the jail on May 7, Mr. Alvey was placed in a cell for suicide observation. *Id.* at 4, ¶ 37. He received only a suicide smock and a suicide blanket with a pillow sewn in. *Id.* Sometime that day, he stood on top of the sink in his cell and tried to remove the ceiling vent. *Id.* at 5, ¶¶ 38–42. Officers moved him back to the padded cell, where he was placed on "full" suicide precautions. *Id.* at 5, ¶¶ 43–44.

On May 10, while Mr. Alvey was out of his cell to shower, he drank some delousing product. *Id.* at 6, ¶ 54.

Mr. Alvey remained in the padded cell from May 7 to July 26. *Id.* at 5–8, ¶¶ 43–68. At first, he had only his suicide smock and a suicide blanket—though he cell was regularly cleaned, and he had access to personal hygiene items when showering or using the restroom. *Id.* at 6, ¶¶ 48–51. As the jail's medical providers allowed, he received more items. *Id.* at 7, ¶¶ 61–62. By June 27, Mr. Alvey had clothes and bedding, plus access to cleaning supplies three days per week. *Id.* at 7–8, ¶ 66–67. He was allowed out of his cell an hour each day for recreation. *Id.* at 7, ¶ 67.

On July 26, Mr. Alvey was moved from the padded cell to a new single cell with clothes, bedding, a bed, a sink, a desk, a toilet, an hour out of his cell each day for recreation, and access to cleaning supplies three days per week. *Id.* at 8, ¶¶ 68–71. He was placed in a single cell at his request. *Id.* at 8, ¶ 70.

On November 27, Mr. Alvey was moved to a four-person cell, where he had clothes, bedding, a bed, a sink, a desk, a toilet, and access to cleaning supplies three days per week. *Id.* at 8, ¶¶ 74−75.

Mr. Alvey never complained to Jail Commander Richardson about his cell placement, lack of access to cleaning supplies, lack of clothes, lack of bedding, lack of personal hygiene, or lack of recreation time. *Id.* at 9, ¶¶ 77−78.

Sheriff Miller was not involved in the decisions about Mr. Alvey's housing assignments or the conditions of his confinement. *See generally* dkt. 50-11 (Brent Miller affidavit).

### III.    Discussion

Mr. Alvey brings claims against two defendants. The claims against Sheriff Miller are easily resolved, because the undisputed facts show that he was not involved with deciding Mr. Alvey's cell placement. Sheriff Miller is therefore entitled to summary judgment on all claims. *See Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) ("A damages suit under § 1983 requires that a defendant be personally involved in the alleged constitutional deprivation.").

The claims against Jail Commander Richardson warrant a more detailed discussion. The court divides these claims based on Mr. Alvey's status as first a pretrial detainee and later as a convicted inmate.

#### A.    Mr. Alvey's Conditions as a Pretrial Detainee

"Pretrial detainees . . . have not been convicted of anything, and they are still entitled to the constitutional presumption of innocence. Thus, the punishment model is inappropriate for them." *Miranda v. Cty. of Lake*, 900 F.3d 335, 350 (7th Cir. 2018). Jail conditions violate the Fourteenth Amendment if they are "objectively unreasonable and 'excessive in relation to' any legitimate non-punitive purpose." *Hardeman v. Curran*, 933 F.3d 816, 824 (7th Cir. 2019) (quoting *Kingsley v.*

*Hendrickson*, 576 U.S. 389, 398 (2015)). And a defendant is liable for such conditions if he or she "acted purposefully, knowingly, or perhaps even recklessly" in allowing the conditions to arise or persist. *Miranda*, 900 F.3d at 353.

Based on the undisputed facts, no reasonable jury could find that Mr. Alvey's conditions of confinement from April 30 to September 11, 2019, when he was a pretrial detainee, were objectively unreasonable or excessive in relation to any non-punitive purpose. It was not objectively unreasonable for him to be housed in a one-person cell for a few days of medical observation after an apparent seizure. And it was not objectively unreasonable for him to be placed in a padded cell for a few more days after officers found him picking paint off the wall of a regular cell.

Mr. Alvey's conditions were significantly restricted after his escape attempt. He was returned to the padded cell with only a suicide smock and suicide pillow-blanket combination for about seven weeks. But this treatment was not objectively unreasonable either. These restrictions were put into place only after Mr. Alvey tried to escape, tried to take an officer's firearm, suggested that he intended to harm himself with the firearm, and consumed delousing solution. During this time, Mr. Alvey had access to personal hygiene items when he left the cell to shower or use the restroom, and his cell was regularly cleaned.

After June 27, Mr. Alvey returned to nearly typical jail conditions. Although he did not yet have a bed, he was in a cell with a padded floor, plus clothes and bedding and an hour per day out of his cell for recreation. And on July 26, Mr. Alvey was moved to a new cell and returned to typical jail conditions.

No restrictive conditions were imposed on Mr. Alvey for disciplinary reasons. Instead, the undisputed facts show that these restrictions were imposed to prevent Mr. Alvey from harming

5

himself. *See Higgs v. Carter*, 286 F.3d 437, 438 (7th Cir. 2002) ("A pretrial detainee cannot be placed in segregation as a punishment for a disciplinary infraction without notice and an opportunity to be heard," but no notice or hearing is required if the detainee "was placed under particularly restrictive conditions of confinement at the jail because he was considered a suicide risk" or "if he was placed in segregation . . . to protect jail staff from his violent propensities"). And no reasonable juror could find that the restrictions on Mr. Alvey were objectively unreasonable or excessive in relation to the goal of preventing self harm. Jail Commander Richardson is therefore entitled to summary judgment on Mr. Alvey's Fourteenth Amendment claims.

### B. Mr. Alvey's Conditions as a Convicted Inmate

Convicted inmates are protected by the Eighth Amendment's prohibition on cruel and unusual punishment. *Miranda*, 900 F.3d at 350. To succeed on an Eighth Amendment claim, an inmate must show that (1) he or she was denied "the minimal civilized measure of life's necessities," and (2) the defendant was deliberately indifferent to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quotation marks omitted).

Mr. Alvey was convicted of escape on September 11, 2019. By that time, he was in a single-person cell with his clothes, a bed, bedding, personal hygiene items, a desk, a sink, a toilet, and an hour outside his cell each day for recreation. He also had access to cleaning supplies three days a week. No reasonable juror could find based on the undisputed facts that Mr. Alvey was denied the minimal civilized measure of life's necessities during this time. Jail Commander Richardson is therefore entitled to summary judgment on Mr. Alvey's Eighth Amendment claims.

### IV. Mr. Alvey's Motions

Mr. Alvey has filed a one-page motion for summary judgment and a one-page motion to proceed to trial. Because the defendants are entitled to summary judgment on all claims, Mr. Alvey's motions, dkt. [51] and dkt. [52], are **denied**.

### V. Conclusion

The defendants' motion for summary judgment, dkt. [47], is **granted**. Mr. Alvey's motion for summary judgment, dkt. [51], and motion to proceed with trial, dkt. [52], are **denied**. Final judgment shall now enter.

**IT IS SO ORDERED.**

Date: 1/13/2022

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

KEVIN ALVEY
281805
WABASH VALLEY – CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP (New Albany)
jlowe@k-glaw.com